Dear Representative Reynolds:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is the Oklahoma Clean Campaign Act of 2008, making it illegal for a member of the state Legislature or a candidate for a state legislative office to "solicit or accept a contribution from a lobbyist or lobbyist principal . . . during any regular legislative session and for five (5) calendar days after sine die adjournment,"[1] pre-empted by the Federal Election Campaign Act of 1971, which states its provisions and rules "supersede and preempt any provision of State law with respect to election to Federal office"?[2]
As we understand the factual basis for your question, a person who is a member of the Oklahoma Legislature intends to run for United States Congress. You cite the Oklahoma Clean Campaign Act of 2008[3] ("OCCA"), which prohibits a person from accepting contributions from a lobbyist or lobbyist principal during a regular legislative session or within 5 days of adjournment for use in the congressional campaign and ask, does the Federal Election Campaign Act of 1971 ("Federal Campaign Act")[4] preempt the OCCA for all purposes, or only as to contributions for federal campaigns? In particular, 2 U.S.C. § 453(a) provides that the provisions of the Federal Campaign Act, with certain limitations, shall "supersede and preempt any provision of State law with respect to election to Federal office." Id. *Page 2 
Section 187.1 of Title 21 in pertinent part provides:
 G. No lobbyist or lobbyist principal as defined in Section 4249 of Title 74 of the Oklahoma Statutes shall make or promise to make a contribution to, or solicit or promise to solicit a contribution for a member of the Oklahoma Legislature or a candidate for a state legislative office during any regular legislative session, beginning the first Monday in February, through its adjournment, and for five (5) calendar days following sine die adjournment. A member of the Oklahoma Legislature or a candidate for a state legislative office shall not intentionally solicit or accept a contribution from a lobbyist or lobbyist principal as defined in Section 4249 of Title 74 of the Oklahoma Statutes during any regular legislative session and for five (5) calendar days after sine die adjournment. For the purposes of this subsection, a candidate shall mean any person who has filed a statement of organization for a state legislative office pursuant to Oklahoma Statutes, Title 74, Chapter 62 Appendix, Rule 257:10-1-8.
 H. Any person who knowingly and willfully violates any provision of subsection G of this section, upon conviction, shall be guilty of a misdemeanor punishable by a fine of not more than One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for up to one (1) year, or by both such fine and imprisonment.
Id. We recently issued Attorney General Opinion 09-11, which dealt primarily with Section 187.1 prohibiting "a member of theOklahoma Legislature or a candidate for a state legislativeoffice" from soliciting contributions from lobbyists or lobbyist principals "during any regular legislative session and for five (5) calendar days after sine die adjournment."Id. at *9. In short, the Opinion concluded that 21 O.S.Supp. 2008, § 187.1[21-187.1](G):
 (1) does not prohibit members of the Legislature or candidates for a state legislative office from intentionally soliciting or accepting contributions from entities other than lobbyists, including political action committees, unless the entity or committee is itself a lobbyist or lobbyist principal; and
 (2) does not prohibit members of the Legislature or candidates for a state legislative office from intentionally soliciting or accepting contributions for or to political action committees.
Id. at **9-10. Thus, the Opinion was limited tostate legislators or candidates for state legislative offices, and did not address whether funds might be solicited for candidates for federal office. *Page 3 
Title 2 U.S.C. § 453 of the Federal Campaign Act provides:
 (a) In general
 Subject to subsection (b) of this section, the provisions of this Act, and of rules prescribed under this Act, supersede and preempt any provision of State law with respect to election to Federal office.
 (b) State and local committees of political parties
 Notwithstanding any other provision of this Act, a State or local committee of a political party may, subject to State law, use exclusively funds that are not subject to the prohibitions, limitations, and reporting requirements of the Act for the purchase or construction of an office building for such State or local committee.
Id. (emphasis added). Regulation of contributions to state legislators or other candidates for state office in order to avoid impropriety or the appearance of impropriety is a matter of great public importance to the people of the State of Oklahoma.See Ethics Comm'n v. Cullison,850 P.2d 1069, 1076 (Okla. 1993); In re Initiative PetitionNo. 341, 796 P.2d 267, 271-72 (Okla. 1990); A. G. Opins. 00-18, at 81; 86-148, at 200.
Under our federalist system a delicate balance exists between the power of the United States and the power of the people in the individual states of the union. Within the Supremacy Clause, U.S. CONST. art. VI, cl. 2, Congress must proceed carefully before imposing its will on the States, particularly in areas of traditional state activities. Gregory v. Ashcroft,501 U.S. 452, 460 (1991). Congressional interference with a state's decisions on state sovereignty upsets the usual constitutional balance of federal and state powers, and thus Congress must make its intention to preempt state law unmistakably clear in the language of the statutes.[5] Id.; see Nixon v. Mo. Mun. League,541 U.S. 125, 140-41 (2004). We conclude the intent to preempt state law is clearly stated in 2 U.S.C. § 453.
By its terms, 21 O.S.Supp. 2008, § 187.1[21-187.1] (G) prohibits legislators or a candidate for a state
legislative office from soliciting contributions from lobbyists or lobbyist principals during any regular legislative session or within five days after legislative adjournment. Further, in Attorney General Opinion 09-11, we held that Section 187.1(G) does not prohibit legislators (or candidates for state legislative office) from accepting contributions from persons other than lobbyists or lobbyist principals. See id. at *9. Thus, if the Federal Campaign Act applies and preempts state law as to contributions for federal offices, we conclude at most it would affect only
the portion of Section 187.1(G) that purports to prohibit all contributions from lobbyists or lobbyist principals during a legislative session or within 5 days thereafter as to contributions for federal
campaigns by legislators or candidates for state legislative office. The possibility a candidate for state legislative office would also be campaigning for Congress seems very remote. *Page 4 
This conclusion is consistent with legislative history of the Federal Campaign Act, which does not restrict the enforcement of laws that relate solely to the interest of a state on such matters as the manner of qualifying a candidate or political party committee, voter registration procedures, dates or places of election, etc. Congress made it clear that federal law, as expressed in 2 U.S.C. § 453, occupies the field only with respect to "criminal sanctions relating to limitations on campaign expenditures, the sources of campaign funds used in Federal races, the conduct of Federal campaigns, and similar offenses." H.R. Rep. No. 93-1438, at 69 (1974) (Conf. Rep.). Moreover, the regulations of the Federal Election Commission make it clear that congressional intent to preempt conflicting state campaign fundraising restrictions is limited to "contributions and expenditures regarding Federal candidates and political committees." 11 C.F.R. § 108.7(b)(3), (c) (West, Westlaw through Aug. 21, 2009 amendments).
 It is, therefore, the official Opinion of the Attorney General that:
 The Federal Election Campaign Act of 1971, Pub.L. 92-225, 86 Stat. 3, preempts 21 O.S.Supp. 2008, § 187.1 [21-187.1](G) only insofar as Section 187.1(G) purports to prohibit all contributions from lobbyists or lobbyist principals during a legislative session or within 5 days thereafter as to campaigns for federal office.
W.A. DREW EDMONDSON Attorney General of Oklahoma
LYNN C. ROGERS Assistant Attorney General
[1] 21 O.S.Supp. 2008, § 187.1[21-187.1](G).
[2] 2 U.S.C. § 453(a) (West, Westlaw through Aug. 2009 amendments).
[3] See 2008 Okla. Sess. Laws ch. 282, §§ 1, 2 (§ 1 uncodified, § 2 amending 21 O.S. 2001, § 187.1[21-187.1]).
[4] Pub.L. No. 92-225 §§ 302 — 327, 86 Stat. 3 (codified as amended in scattered sections of 2 U.S.C. §§ 431 — 455); Revised Continuing Appropriations Resolution, 2007, Pub.L. No. 110-5, § 21078, 121 Stat. 8 (codified as amended at 2 U.S.C. § 457).
[5] For a further discussion of different types of federal preemption see Attorney General Opinion 03-50. *Page 1